**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-60010

DESMOND EARL PHILLIPS,

Plaintiff-Appellant,

versus

STEVE W. PUCKETT; JAMES V. ANDERSON, Superintendent,
Mississippi State Penitentiary; CHRISTOPHER EPPS; EARL JACKSON;
CLYDE PRESLEY; CASE MANAGER QUEEN; LARRY KEYS;
EDDIE BURNETT,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
(4:96-CV-59-S-B)

March 15, 1999

Before GARWOOD, and BARKSDALE, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

On February 15, 1996, Plaintiff Desmond Earl Phillips, a Mississippi state prisoner incarcerated at Parchman, Unit 32, and proceeding pro se and in forma pauperis (IFP), filed a civil complaint against the Commissioner of the Mississippi Department of Corrections ("MDOC") and numerous prison officials for improperly influencing the classification committee, thereby denying him review of his close-custody classification by an impartial classification committee, and for failing to provide him annual review hearings. Defendants were never served with the complaint. The district

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

court dismissed his claim as frivolous under 29 U.S.C. § 1915(e)(2)(B)(I). For the reasons set forth below, we AFFIRM in part, VACATE in part, and REMAND in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Phillips alleged that on May 10, 1993, he was found guilty by the Disciplinary Committee of violating MDOC rule 27 and was reclassified from B-custody to C-custody and placed on close confinement, where he remains. He alleged that from May 1993 to the date of filing he had only one classification review hearing, held on July 15, 1994. He alleged that the classification committee recommended at the July 1994 hearing that Phillips remain on close confinement "due to orders from superior Administrative officials" who improperly influenced the classification committee. As evidence of this, Phillips attached a copy of a November 1994 letter demonstrating that the "Administration" had mandated that prisoners who were on C-custody close confinement due to "money order fraud/involvement" would remain there. He also attached copies of responses to other prisoners' grievances and of state court cases, apparently to demonstrate several incidents of improper influence on classification committees by MDOC employees.

Phillips alleged that "being denied the opportunity to be reviewed by an Impartial Classification Committee, for the possibility of being reclassified back to the general prison population has imposed significant hardship on him, in relationship to ordinary incidents of Prison Life in General Population and personal life . . ." He alleged that on close confinement he was denied privileges enjoyed by the general population, including contact visits, other visits, canteen calls, yard calls, daily showers, radio and television privileges, and vocational and educational programs. Phillips attached drawings and descriptions of the conditions of confinement on Unit 32. He sought an injunction ordering the defendants to give him an impartial classification hearing.

Before the defendants were served, the district court, sua sponte, dismissed Phillips' complaint for failure to state a claim upon which relief could be granted. The district court stated that "[p]rison regulations which do not affect the duration of an inmate's confinement afford an inmate no protected

2

liberty interest. Any delay in releasing plaintiff into the general prison population, even if not justifiable, does not rise to a constitutional issue cognizable under § 1983."

On appeal, this court, citing Sandin v. Conner, 515 U.S. 472 (1995), determined that "Phillips' allegation that he has been subject to disciplinary confinement for three years without review arguably presents an 'atypical significant deprivation' that implicates a liberty interest." Phillips v. Puckett, No. 96-60372 (5th Cir. Dec. 6, 1996) (unpublished). This court construed the district court's dismissal for failure to state a claim as a dismissal for frivolousness under the former 28 U.S.C. § 1915(d). Because the issue was not frivolous, this court vacated the district court's dismissal and remanded for reconsideration following further factual development.

On remand, the magistrate judge held a hearing on January 9, 1997, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) (establishing courtroom hearing as substitute for motion for more definite statement in pro se cases), overruled on other grounds, Neitzke v. Williams, 490 U.S. 319, 324 (1989). Phillips testified that he was reclassified to C-custody and placed on close confinement in Unit 32, a maximum-security-type unit, in May 1993 after the disciplinary committee found him guilty of violating Rule # 27 (related to money order fraud). Phillips testified that he was still on close confinement in Unit 32. Phillips explained that inmates who commit rules violations are placed in isolation for 20 days, after which they can either be placed on C-custody or returned to B-custody (or whatever their custody classification).[1] Phillips asserted that his confinement on C-custody did not differ from "disciplinary isolation"; however, C-custody differed from this 20-day isolation time.

On July 15, 1994, the classification committee recommended that Phillips remain on close confinement. Phillips testified that he has not had another review since then. He later stated that he had an "annual" review in March 1996 after he filed the instant § 1983 complaint, but that the hearing

---

[1] According to the "Disciplinary Procedures for Inmates of the Mississippi State Penitentiary" approved by the district court in Gates v. Collier, 454 F.Supp 579, 593 (N.D. Miss. 1978), aff'd, 606 F.2d 115 (5th Cir. 1979), an inmate found guilty of having committed a "serious violation" could be, inter alia, reclassified and reassigned or assigned to an "adjustment center or segregation (isolation) for a period not to exceed twenty (20) days[.]"

3

was not impartial due to outside influence on the classification committee by the defendants in the instant suit.

Phillips complained that the members of the disciplinary committee who recommended his reclassification to C-custody made themselves members of the classification committee and approved their own recommendation, thus he was illegally placed on close confinement. The magistrate judge asked Phillips if he was aware that the court in Gates v. Collier noted that the MDOC had permission to do exactly that. Phillips argued that Gates said that the classification committee would review the recommendation of the disciplinary hearing, not that the member could change from one committee to the other to review their own recommendation.

Phillips made an oral motion to add case manager Henry Johns as a defendant, a member of the 1996 classification committee, for acting at the direction of the defendants to continue Phillips on close confinement and to seek compensatory damages of $25 for each day he was held illegally in isolation. The magistrate judge granted the motion to amend the complaint.

Counsel for the defendants explained that Phillips was not given a classification review in 1995 because the statute which had mandated annual review had been amended to require "periodic" reviews only. Counsel also noted that in October 1996, Phillips had been found guilty of another rules violation.

Counsel for the defendants argued that Phillips was "not in a disciplinary status and he's not in a punishment status, he has been classified in the status and that's why in this particular case Sandin does take care of that because it's not atypical. It is a classification [and] that no inmate enjoys the right to any particular classification[.]"

The magistrate judge recommended that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). As made clear at the Spears hearing, Phillips had not been in disciplinary confinement or isolation, "but rather had been classified C-custody and placed on close confinement just as hundreds of other inmates have whose presence in the general population has presented some threat to security and/or a substantial threat to interference with compliance with federal and state

4

laws or prison regulations." The magistrate judge also noted that Phillips had his classification and custody status reviewed twice since his reclassification in May 1993. Thus, the magistrate judge recommended a finding that Phillips is not suffering any atypical, significant deprivation of a liberty interest as contemplated by Sandin "merely because he is housed in Unit 32 as a result of his participation in a postal money order scam."

Phillips objected, noting that the magistrate judge's recommendation was based on a distinction between disciplinary confinement and close confinement and arguing that, because he was placed on close confinement for disciplinary reasons, his close confinement could be characterized as "disciplinary/close confinement." Phillips argued that this court's remand was a finding that his claim was not frivolous and, thus, the only matter that was to be resolved on remand was to develop and determine who was responsible or liable to Phillips.

The district court addressed Phillips's objections and, with further elaboration, adopted the magistrate judge's report and recommendation. The district court found that the second finding of frivolousness on remand did not violate this court's mandate. Additionally, the district court agreed that, as developed at the Spears hearing, the facts demonstrated that Phillips was really challenging his classification and found that such reclassification did not raise a constitutional violation. The district court also found that Phillips had been afforded classification reviews by an impartial board, that Phillips had no liberty interest in annual classification reviews, that Phillips was not entitled to relief on his claim that the disciplinary committee sat as the classification review committee, and that it was not improper for the administration to express concerns related to the possible reclassification of inmates.[2]

---

[2] Phillips testified at the Spears hearing that he did not request administrative relief, but instead filed suit in the district court. Phillips believed that he was not required to go through the Administrative Remedy Program (ARP) because other inmates had filed requests for administrative relief on the same issue. In his report and recommendation, the magistrate judge suggested that the complaint should be dismissed because Phillips had failed to exhaust remedies available through the ARP. The district court did not adopt the recommendation that the complaint be dismissed for failure to exhaust ARP remedies.

Under the former version of § 1997e, the district court could dismiss a complaint with prejudice after a continuance if the court had found that the prisoner had not attempted to pursue administrative

5

Within 10 days of the judgment, Phillips filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), in which he challenged every finding by the district court. The district court denied the motion. Phillips timely noticed his appeal from the judgment denying his motion.

## DISCUSSION

## I

A district court may dismiss an IFP complaint as frivolous if it lacks an arguable basis in either law or fact. See 28 U.S.C. § 1915(e)(2)(B)(I); Denton v. Hernandez, 504 U.S. 25, 31-34 (1992). This court reviews dismissals for frivolousness for an abuse of discretion. Denton, 504 U.S. at 33-34. Phillips's timely notice of appeal from the denial of his Rule 59(e) motion brings up the underlying judgment for review. Martinez v. Johnson, 104 F.3d 769, 771 (5th Cir.), cert. denied, 118 S. Ct. 195 (1997).

A complaint is factually frivolous, if the facts alleged are "clearly baseless." See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint is legally frivolous if it is based on an "indisputably meritless legal theory." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989) (interpreting former 28 U.S.C. § 1915(d), which has since been recodified as § 1915(e)(2)(B)(I))). In identifying this latter standard of review, it is important to remember that the standard for dismissal under § 1915(e)(2)(B)(I) is not identical

---

remedies reasonably and in good-faith. See Rocky v. Vittorie, 813 F.2d 734, 736 (5th Cir. 1987); 42 U.S.C. § 1997e (1994). Under the former version of § 1997e, the exhaustion requirement was not mandatory. See § 1997e(a)(1994). Under the former version, the court could require exhaustion "if the court believe[d] that such a requirement would be appropriate and in the interests of justice." Id. As part of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, § 803, 110 Stat. 1321 (Apr. 26, 1996), Congress amended § 1997e, which now provides that "no action shall be brought with respect to prison conditions under § 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a) (West Supp. 1997). Because Phillips filed his complaint before April 26, 1996, it appears that the PLRA's amendment to § 1997e(a) does not apply to his complaint. See Bishop v. Lewis, 155 F.3d 1094, 1095 (9th Cir. 1998) (holding amended version of § 1997e(a) is not retroactive).

to the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). See Neitzke v. Williams, 490 U.S. 319, 326 (1989). A district court must dismiss a claim under Rule 12(b)(6) "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327. In contrast, "[w]hen a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." Id. at 328.

## II

To succeed in his claim, Phillips must identify a "constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause." See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 482 (citations omitted).

Liberally construing Phillips' pleadings, as we must, See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1991), he points to several potential liberty interests. Generally, he contends that he was placed on close confinement as punishment for a disciplinary violation and, although he has had periodic classification reviews, those reviews were not impartial as the result was dictated, rather than "suggested," by the Administration. He asserts that the conditions of close confinement as compared to the conditions in the general population are "atypical and significant."

## A

At first glance it appears that Phillips is challenging merely his classification status and the fact of his confinement in close confinement. Under Mississippi law, the classification of prisoners is to be made by a classification committee. MISS. CODE ANN. § 47-5-103 (West Supp. 1998). Changes

7

in classification may be made only by the classification committee and may not be changed by "any individual or individuals." Id. In 1993, when Phillips' classification was changed as a result of the rules violation, the statute provided that "[t]he classification of each offender shall be reviewed by a classification committee at least once a year." MISS. CODE ANN. § 47-5-103 (West 1993). The statute was subsequently amended to provide that each offender's classification "may be reviewed by the classification committee at least once a year." MISS. CODE ANN. § 47-5-103 (West. Supp. 1998) (eff. from and after July 1, 1995). The amended statute also provides that a "classification board" may make a change in classification if the classification committee's action is not supported by sufficient factual information. Id.

This court has held that the classification of inmates is the responsibility of the Mississippi Department of Corrections, and an inmate has no liberty interest in his custody classification. Tubwell v. Griffith, 742 F.2d 250, 253 (5th Cir. 1984) (citing MISS. CODE ANN. §§ 47-5-99 through 47-5-103 (1981)). Further, the Due Process Clause of the Fourteenth Amendment does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Thus, to the extent Phillips challenges his classification status and the fact of his confinement in close confinement, his complaint lacked an arguable basis in law. We therefore AFFIRM this part of the district court decision.

**B**

Additionally, Phillips appears to be arguing that the state created a liberty interest in annual reviews. However, that claim also fails under Sandin. The nature of the complained of action, failure to hold a review of Phillips' classification within every 12-month period, is not in the realm of the "atypical and significant hardship" which would give rise to a protected liberty interest requiring any particular procedures. See Sandin, 515 U.S. at 482. It is undisputed that Phillips has had at least two

8

classification review hearings during his confinement on Unit 32.[3]  We therefore AFFIRM this part of the district court's opinion.

C

However, Phillips alleged more; he alleged that he has been on close confinement for now five and a half years with two review hearings, both of which he alleged was tainted by improper influence upon the classification committee.[4]  He argues that his continuous incarceration on close confinement without meaningful periodic review is atypical and exposes him to significant hardship in relation to ordinary incidents of prison life.   The essence of Phillips' argument is that the reviews were not meaningful or impartial because the result was dictated by the Administration, and was not made by an impartial classification committee.

The district court made a factual finding that Phillips had been afforded periodic classification reviews by impartial committees and that "it was not improper for security and administration to voice its concerns about the possible reclassification of a particular inmate."  However, Phillips alleged that the Administration mandated, rather than suggested, that the classification of prisoners disciplined for their participation in the money-order scam not be changed.  Phillips submitted evidence which supported this allegation, inter alia: (1) a letter from defendant Earl Jackson indicating the Administration "informed" defendant Christopher Epps that all prisoners classified on close confinement due to money order fraud or involvement remain there; (2) a second step response form signed by Edward M. Hargett indicating "it is felt by the Administration that all offenders held on the money order status should remain on this status."  The district court's factual finding that Phillips had been afforded impartial reviews is not supported by the evidence presented at the Spears hearing and

---

[3]  The district court noted that Phillips' classification was reviewed in 1996 after he filed suit and after he received another rules violation.  This is based on a statement by counsel for the defendants at the Spears hearing.  However, no evidence of a 1996 rules violation, disciplinary hearing, or classification committee report is contained in the record.  We therefore do not factor this violation into our analysis.

[4]See footnote 3.

ignores Phillips' well-pleaded factual allegations which are supported by evidence. Thus, the district court clearly erred in its factual determination that Phillips' claim that he was denied impartial review of his classification was frivolous.

The district court also erred when it found that Phillips' complaint lacked an arguable basis in law. Phillips claims that he has a liberty interest in impartial periodic review of his almost five-year classification on close confinement as punishment for a rules violation. We have never before confronted this precise question, and do not consider his claim to be premised upon an "indisputably meritless legal theory." See McCormick v. Stalder, 105 F.3d at 1061.

Admittedly, "[a]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 116 S. Ct. 1690 (1996); see also Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(absent extraordinary circumstances, continued confinement in administrative segregation does not violate the Due Process Clause). Moreover, we have stated in dicta that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional `liberty' status" and that "[i]t is unlikely . . . that administrative segregation can give rise to any constitutional claim after Sandin." Orellana v. Kyle, 65 F.3d 29, 31-32 & n.2 (5th Cir. 1995).

However, we have not expressly determined whether long-term disciplinary administrative segregation without impartial periodic review could rise to the level of a constitutionally protected liberty interest in light of Sandin.[5] Sandin involved only a 30-day period of disciplinary segregation

---

[5]While unpublished opinions issued after January 1, 1996 have no precedential value, see 5TH CIR. R. 47.5.4, we cannot help but notice that this court recently addressed whether an eight-month term on close confinement, allegedly without meaningful periodic reviews, violated due process. McDonald v. Lee, No. 96-60073, slip op. at *5 (5th Cir. Jun. 24, 1996) (unpublished). The court found no protectible liberty interest, noting that the inmate was placed in administrative segregation "based on his past disciplinary record, rather than as a form of punishment." Id. "Limiting an inmate's freedom inside a prison to protect the prisoners from each other does not amount to discipline or punishment which would give rise to Constitutional due process concerns." Id. (citation omitted). McDonald is distinguishable on this basis from the instant case; Phillips was originally placed on close confinement as punishment for violating a prison rule.

10

versus Phillips' now almost five years on close confinement. See 515 U.S. at 475-76. In both Pichardo and Luken, this court noted that the inmates placed in administrative segregation had periodic reviews of their classifications every 90 days. See Pichardo, 73 F.3d at 613; Luken, 71 F.3d at 194. Additionally, unlike Phillips, those inmates did not challenge the partiality of the review committee.

This court has not fully addressed long-term confinement on close custody without impartial periodic reviews. In light of Sandin, Phillips alleged an arguable claim that he has a protected liberty interest in impartial periodic reviews of his almost five-year classification and/or custody status on close confinement for a disciplinary violation. We therefore VACATE the district court's decision to dismiss this aspect of Plaintiff's case.[6]

**D**

Finally, Phillips argues that the district court erred in finding that this court had approved of the practice of the disciplinary committee serving as the classification committee. Phillips argues that in Gates v. Collier, 454 F. Supp. 579 (N.D. Miss. 1978), the district court recognized that the disciplinary committee should not be influenced by the classification officer.[7]

The district court held that Phillips was entitled to no relief on his claim that the disciplinary committee also sat as the classification committee because "[t]hat practice was adopted by this court in Gates and affirmed by the appeals court." The district court did not provide a citation to the Gates decision to which it was referring. This failure is significant in this case because the line of Gates v. Collier cases is lengthy, extending as far back as at least 1972. In the case cited by Phillips, the

---

[6]Our disposition of this appeal should not be mistakenly construed as passing on the validity of Phillips' legal or factual claims. Rather, our decision is limited to the issue of frivolousness.

[7]Relying on Stewart v. Thigpen, 730 F.2d 1002, 1005 (5th Cir. 1982), Phillips argues that members of the disciplinary committee should not sit as members of the classification committee because the latter reviews the decision of the former. Id. This is not the holding of , or even dicta in, Stewart. In Stewart, this court merely noted that, pursuant to Section 47-5-104 of the Mississippi Code, the classification committee reviews decisions of the disciplinary committee which have subjected an inmate-offender to demotion or loss of earned time. 750 F.2d at 1005.

11

district court questioned the practice of allowing an officer who classified the inmate's offense as major, serious, or minor, to also serve as either the disciplinary hearing officer or as a member of the disciplinary committee. 454 F.Supp. at 585. The district court did not, in that case, approve of or address the practice of allowing members of the disciplinary committee, who suggested a change in an inmate's classification, to also serve on the subsequent classification committee. Therefore, we REMAND to the district court for a clarification of its decision regarding this issue.

### CONCLUSION

For the reasons set forth above, we AFFIRM the district court's decision to dismiss Phillips' complaint to the extent it claimed a constitutionally cognizable liberty interest in his classification status and in annual reviews of that status, VACATE the district court's factual findings as to impartial reviews and its decision to dismiss Phillips' complaint to the extent it claimed a constitutionally cognizable liberty interest in impartial periodic review of his long-term disciplinary administrative segregation, and REMAND the district court's decision to dismiss Phillips' complaint to the extent that it claimed a constitutionally cognizable liberty interest in not having members of the disciplinary committee also sit on the classification committee. We direct that further proceedings in this matter be conducted after all defendants have been served with a copy of the complaint.